UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HEALTHY GULF, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> DEBRA A. HAALAND, et al., <br><br> *Defendants.* | Case No. 1:23-cv-00604-APM |

**PLAINTIFFS' RESPONSE TO CHEVRON U.S.A. INC.'S
MOTION TO INTERVENE AS A DEFENDANT**

Pursuant to Civil Local Rule 7, Plaintiffs Healthy Gulf, *et al.* (collectively, "Conservation Groups") hereby respond to the motion to intervene as a defendant filed by Chevron U.S.A. Inc. ("Chevron"), ECF No. 21 (Mar. 22, 2023) ("Motion"). Conservation Groups do not oppose this Motion, but respectfully request that the Court impose two reasonable conditions on the requested intervention to foster the timely and efficient resolution of this case.

The Supreme Court has established that "[a]n intervention of right under the amended rule [24(a)] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 n.2 (1987) (alteration in original) (quoting Advisory Committee Notes on Fed. Rule Civ. Proc. 24, 28 U.S.C. App., p. 567); *see WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010) (finding that "district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action" and citing cases). The same is true for permissive intervention. *See Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt.*, 205

1

F.R.D. 1, 7 (D.D.C. 2000) (holding that "[a] court may place conditions on permissive interventions in order to minimize the delay and prejudice to the existing parties").

Here, Conservation Groups ask the Court to impose two appropriate conditions on Chevron's participation in this action. First, Conservation Groups and Federal Defendants have been negotiating an accelerated timeframe for briefing cross-motions for summary judgment. Conservation Groups therefore ask that the Court require Chevron to abide by any schedules set by the Court, and not seek to extend such time limits without the consent of the parties. *See Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 306 (D.D.C. 2018) (intervenor "shall not seek to extend briefing deadlines or amend the briefing schedule without the other parties' consent"); *Ass'n of O&C Cntys. v. Trump*, Civ. Case Nos. 17-280, 17-441 (RJL), 2018 WL 11241964, at *2 (D.D.C. Jan. 22, 2018) (granting permissive intervention with the condition that intervenors "shall be held to the same schedule that would apply absent intervention"); Motion at 16 (Chevron agreeing, at least in context of permissive intervention, to abide by procedural and briefing schedules).

Second, Conservation Groups request that Chevron be required to confine its arguments to the existing claims in the Complaint, and not interject new claims or collateral issues into this action. *See, e.g.*, *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 11 n.8 (D.D.C. 2009) (granting intervention of right but prohibiting intervenors from raising new claims or collateral issues); *Cnty. of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 48 n.17 (D.D.C. 2007) (limiting intervention of right to claims within the scope of the complaint). This condition includes a prohibition on Chevron seeking to dismiss or transfer this action separate from any such motion filed by Federal Defendants. *See Ass'n of O&C Cntys.*, 2018 WL 11241964, at *2 ("intervenors shall not be permitted to file any motion to dismiss or motion to transfer separate

and apart from any such motions filed by the original defendants"). Like the first condition, this limitation will help avoid harmful delays in resolving this case. Conservation Groups are challenging Federal Defendants' environmental review of an offshore oil and gas lease sale that was held March 29, 2023, and prompt relief is necessary to avoid permanent harm.

Together, these two conditions will serve both the purposes of intervention and help ensure the efficient resolution of this action.

Respectfully submitted this 5th day of April, 2023.

/s/ George Torgun
George Torgun (*pro hac vice*)
EARTHJUSTICE
50 California St., Suite 500
San Francisco, CA 94111
415-217-2000 Telephone
415-217-2040 Fax
gtorgun@earthjustice.org

Jan Hasselman (DC Bar No. WA0029)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 Telephone
206-343-1526 Fax
jhasselman@earthjustice.org

*Attorneys for Plaintiffs Healthy Gulf, Bayou City Waterkeeper, Friends of the Earth, and Center for Biological Diversity*

/s/ Kristen Monsell
Kristen Monsell (DC Bar No. CA00060)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Ste. 800
Oakland, CA 94612
510-844-7137 Telephone
510-844-7150 Fax
kmonsell@biologicaldiversity.org

*Attorney for Plaintiff Center for Biological Diversity*

   /s/ *Thomas Zimpleman*
Thomas Zimpleman (DC Bar No. 1049141)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th St., Suite 300
Washington, DC 20005
202-513-6244 Telephone
tzimpleman@nrdc.org

Julia K. Forgie (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1314 Second St.
Santa Monica, CA 90401
310-434-2351 Telephone
jforgie@nrdc.org

Irene Gutierrez (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St., 21st Floor
San Francisco, CA 94104
415-875-6187 Telephone
igutierrez@nrdc.org

*Attorneys for Plaintiff Natural Resources Defense Council*

   /s/ *Devorah Ancel*
Devorah Ancel (*pro hac vice*)
SIERRA CLUB
PO Box 4998
Austin, TX 78765
415-845-7847 Telephone
303-449-6520 Fax
devorah.ancel@sierraclub.org

*Attorney for Plaintiff Sierra Club*

4