# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HEALTHY GULF, *et al.*,

                        *Plaintiffs*,

        v.                              Civil Action No. 23-cv-00604-APM

DEBRA A. HAALAND, *et al.*,

                        *Defendants*.

## DEFENDANTS' ANSWER

Debra A. Haaland in her official capacity as Secretary of the U.S. Department of the Interior (Secretary); Laura Daniel-Davis in her official capacity as Principal Deputy Secretary of the U.S. Department of the Interior for Land and Mineral Management; the U.S. Department of the Interior ("Interior"); and the Bureau of Ocean Energy Management ("BOEM") (collectively, "Defendants"), through counsel, answer the complaint in this case dated March 6, 2023 (ECF No. 1) as follows.  The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.  Defendants deny each and every allegation in the Complaint that is not specifically admitted in this Answer.

1.   The allegations in Paragraph 1 are characterizations of Plaintiffs' case to which no response is required.  To the extent a response is required, Defendants deny the allegations.

2.   Defendants admit that the Gulf of Mexico is one of the most productive and biodiverse ecosystems in the United States, where thousands of species ranging from simple invertebrates to

marine mammals including dolphins and whales live.  Defendants also admit that the Gulf of
Mexico includes habitat for five species of sea turtles, and is the exclusive habitat for the Rice's
whale, a species the NMFS estimated to have less than 100 individuals, with recent surveys
estimating 50 individuals or less.  Defendants admit that the *Deepwater Horizon* spill occurred in
2010 and aver that, according to the National Oceanic and Atmospheric Administration,
scientists have estimated that the population of the Rice's whale decreased by 22 percent
following the spill.  The remaining allegations in Paragraph 2 are vague and ambiguous;
Defendants therefore lack knowledge or information sufficient to form a belief about the truth of
the allegations and deny on that basis.

3.   The allegations in the first sentence of Paragraph 3 are vague and ambiguous; Defendants
therefore lack knowledge or information sufficient to form a belief about the truth of the
allegations and deny on that basis. Further, Defendants aver that Executive Order 14,008
provides that responding to the climate crisis will require both significant short-term global
reductions in greenhouse gas emissions and net-zero global emissions by mid-century or before.
Defendants admit that Lease Sale 259 offered approximately 73.3 million acres of the OCS for
oil and gas leasing, but aver that Lease Sale 259 offered the smallest amount of acreage of the
last nine Gulf of Mexico OCS lease sales which have ranged in size from 73.3 - 80.9 million
acres.  Defendants aver that for Lease Sale 259, BOEM estimated that the projected amounts of
resources that could be discovered, developed, and produced as a result of a single Gulf of
Mexico lease sale are 0.211-1.118 billion barrels of oil and 0.547-4.424 trillion cubic feet of gas.
The remaining allegations in Paragraph 3 are vague and ambiguous; Defendants therefore lack
knowledge or information sufficient to form a belief about the truth of the allegations and deny
on that basis.

4.   Defendants aver that BOEM announced on its website the availability of the Gulf of Mexico OCS Oil and Gas Lease Sales 259 and 261 Final Supplemental Environmental Impact Statement (2023 SEIS) on January 9, 2023, and that the 2023 SEIS was intended to assess the environmental effects of a single oil and gas lease sale in the Gulf of Mexico and support individual sale decisions on Lease Sale 259 and 261.  Defendants deny the remaining allegations in Paragraph 4.

5.   Defendants deny the allegations in Paragraph 5.

6.   Defendants deny the allegations in Paragraph 6.

7.   Defendants aver that on February 27, 2023, BOEM announced the availability of a Record of Decision (ROD) for Lease Sale 259, signed on February 22, 2023.  The remaining allegations in Paragraph 7 purport to characterize the ROD and the Inflation Reduction Act of 2022 (enacted on August 16, 2022) (IRA), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced ROD and the IRA, they are denied.

8.   Defendants admit the allegations in Paragraph 8.

9.   Defendants deny the allegations in Paragraph 9.

10. The allegations in Paragraph 10 are Plaintiffs' characterization of their case and requests for relief from the Court, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

11. The allegations in Paragraph 11 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

12. The allegations in Paragraph 12 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

13. The allegations in Paragraph 13 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

## PARTIES

14. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21. The allegations in the first, second and third sentences of Paragraph 21 are vague and ambiguous; Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of the allegations and deny them on that basis. Defendants, however, aver that BOEM analyzed the potential impacts of emissions, additional vessel traffic, noise, oil spills, and

accidents as a result of Lease Sale 259 in the 2023 SEIS.  Defendants also aver that BOEM

analyzed Lease Sale 259's contribution to environmental pollution from associated onshore oil

and gas infrastructure in Gulf communities in the 2023 SEIS.  Defendants aver that BOEM

analyzed the life cycle greenhouse gas (GHG) emissions estimated to result from a typical Gulf

of Mexico conventional energy lease sale, and the potential contributions of the effect of

BOEM's actions to global GHG concentrations in BOEM's Gulf of Mexico OCS Oil and Gas

Leasing Greenhouse Gas Emissions and Social Cost Analysis (GHG and Social Cost Analysis).

The allegations in sentences four through seven of Paragraph 21 are also vague and ambiguous;

Defendants therefore lack information or knowledge sufficient to form a belief as to the truth of

the allegations and deny them on that basis.  The allegations in the eighth, ninth, and tenth

sentences of Paragraph 21 are conclusions of law, characterizations of Plaintiffs' case and

requests for relief from the Court to which no response is required.  To the extent a response is

required, Defendants deny the allegations.

22. Defendants deny the allegations in the first and third sentences of Paragraph 22.

Defendants lack information or knowledge sufficient to form a belief as to the truth of the

allegations in the second and fourth sentence of Paragraph 22 and deny them on that basis. The

allegations in the fifth sentence of Paragraph 22 are vague and ambiguous; Defendants therefore

lack knowledge or information sufficient to form a belief about the truth of the allegations and

deny on that basis.  The remaining allegations in Paragraph 22 are conclusions of law,

characterizations of Plaintiffs' case and requests for relief from the Court to which no response is

required. To the extent a response is required, Defendants deny the allegations.

23. Defendants admit that Debra A. Haaland is the Secretary of the Interior (Secretary), is

charged with overseeing the Outer Continental Shelf Lands Act (OCSLA), and that OCLSA

vests the Secretary of the Interior with the authority to hold oil and gas lease sales on the Outer Continental Shelf (OCS) and issue leases.  The allegations in the third sentence of Paragraph 23 constitute conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

24. Defendants admit that Laura Daniel-Davis is the Principal Deputy Assistant Secretary of the Interior for Land and Minerals Management, and that the Secretary has delegated her the authority to sign RODs for lease sales under OCSLA.  The allegation in the third sentence of Paragraph 24 constitutes a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

25. Defendants admit that the U.S. Department of the Interior (Interior) is the federal department with authority under OCSLA to hold oil and gas lease sales on the OCS and to issue OCS oil and gas leases.  The allegation in the second sentence of paragraph 25 constitutes a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

26. Defendants admit that the Bureau of Ocean Energy Management (BOEM) is the federal agency within Interior delegated the authority to hold oil and gas lease sales on the OCS and to issue leases.  The allegation in the second sentence of paragraph 26 constitutes a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

27. The allegations in paragraph 27 constitute conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 purport to characterize NEPA, the Council on Environmental Quality (CEQ) regulations implementing NEPA, and the Interior Department's

NEPA regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

29. The allegations in Paragraph 29 purport to characterize NEPA and a judicial decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or judicial decision, they are denied.

30. The allegations in Paragraph 30 purport to characterize NEPA and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

31. The allegations in Paragraph 31 purport to characterize the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

32. The allegations in Paragraph 32 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 constitute legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 purport to characterize NEPA, the CEQ regulations implementing NEPA, and judicial decisions, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute, regulations, or judicial decisions, they are denied.

35. The allegations in Paragraph 35 purport to characterize NEPA and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to

the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

36. The allegations in Paragraph 36 purport to characterize the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

37. Defendants admit that downstream greenhouse gas emissions from an offshore oil and gas lease sale may include those from reasonably foreseeable transportation, processing and combustion of the produced fossil fuels.  The remaining allegations in Paragraph 37 constitute legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

38. The allegations in Paragraph 38 purport to characterize NEPA and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

39. The allegations in Paragraph 39 purport to characterize the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

40. The allegations in Paragraph 40 purport to characterize NEPA and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

41. The allegations in Paragraph 41 purport to characterize NEPA and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to

the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

42. The allegations in Paragraph 42 purport to characterize the Outer Continental Shelf Lands Act (OCSLA) and a Federal Register notice, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute and Federal Register notice, they are denied.

43. The allegations in Paragraph 43 purport to characterize an amendment to OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

44. The allegations in Paragraph 44 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

45. The allegations in Paragraph 45 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

46. The allegations in Paragraph 46 purport to characterize NEPA and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

47. The allegations in Paragraph 47 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

48. The allegations in Paragraph 48 purport to characterize OCSLA and regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

49. The allegations in Paragraph 49 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

50. The allegations in Paragraph 50 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

51. The allegations in the first sentence of Paragraph 51 purport to characterize Interior's Departmental Manual and the regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced manual or regulations, they are denied.  The allegations in the second sentence of Paragraph 51 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

52. Defendants admit that BOEM is the federal agency which the Secretary has authorized to manage certain leasing, exploration, development, and production activities on the OCS under OCSLA, but aver that the Bureau of Safety and Environmental Enforcement has also been delegated other authorities related to these activities. The remaining allegations purport to characterize OCSLA and a regulation implementing OCSLA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced manual or regulations, they are denied.

53. The allegations in Paragraph 53 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

54. The allegations in Paragraph 54 purport to characterize the APA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

55. The allegations in Paragraph 55 purport to characterize the APA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

56. The allegations in Paragraph 56 constitute legal conclusions to which no response is required.

57. The allegations in Paragraph 57 purport to characterize the IRA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

58. The allegations in Paragraph 58 purport to characterize the IRA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

59. The allegations in Paragraph 59 purport to characterize the IRA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

60. The allegations in Paragraph 60 purport to characterize a Federal Register notice and the IRA, which speak for themselves and are the best evidence of their contents.  To the extent the

allegations are inconsistent with the referenced Federal Register notice and statute, they are denied.

61. The allegations in Paragraph 61 purport to characterize the IRA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced statute, they are denied.

## STATEMENT OF FACTS

62. Defendants admit that the Gulf includes biodiverse tropical and temperate ecosystems. The remaining allegations in Paragraph 62, including the use of terms such as "extraordinary," "aesthetic" and "most productive," are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis.

63. The allegations in Paragraph 63 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. However, Defendants aver that the Gulf of Mexico is home to thousands of marine species, including a variety of invertebrates, fish, sea turtles, birds, and marine mammals.

64. Defendants admit the allegations in the first sentence of Paragraph 64.  As to the allegations in the second sentence of Paragraph 64, they are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. Defendants, however, aver that the National Marine Fisheries Service's (NMFS) most recent abundance estimate, based on 2017-2018 surveys, is approximately 50 individual Rice's whales.

65. The allegations in the first sentence of Paragraph 65 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of

the allegations and deny on that basis.  As to the allegations in the second sentence, Defendants aver that NOAA recently issued the 2020 Fisheries of the United States report and estimated that the Gulf of Mexico commercial fishery represented 14.4% of landings and 15.3% of total value in the U.S. in 2020.  Defendants admit the allegations in the third sentence of Paragraph 65.

66. The allegations in Paragraph 66 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Further, Defendants aver that Executive Order 14008 acknowledges that "the impacts of climate change ... are already manifest and will continue to intensify according to current trajectories."

67.  The allegations in Paragraph 67 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Defendants aver that BOEM considered the effects of climate change in the 2023 SEIS, including the cumulative effect on species present in the Gulf of Mexico, communities, increased storms, flooding, and rising seas.  The other allegations in Paragraph 67, including the terms "behavior, and "vulnerable", are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

68. The allegations in the first and fourth sentences of Paragraph 68 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Defendants aver that BOEM analyzed the potential impacts of climate change including an increase in the number and intensity of storms in chapter 4.0.2.1 of the 2023 SEIS. Defendants admit the allegations in the second and third sentences of Paragraph 68.

13

69. In the first sentence of Paragraph 69, Defendants admit that infrastructure can be damaged by storms.  However, the remaining allegations are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegation and deny on that basis.  Defendants aver that in September 2004, Hurricane Ivan caused a subsea mudslide that resulted in the toppling of a platform and subsequent release of hydrocarbons from the site.  Defendants also aver that in September 2008, Hurricanes Ike and Gustav occurred within a two-week period, and together the storms caused 58 total spills and spilled approximately 5,856.8 barrels of oil total.

70. The allegations in the first sentence of Paragraph 70 are vague and ambiguous, particularly as to the use of the term "common occurrence"; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  As to the second sentence of Paragraph 70, Defendants admit that Hurricane Laura damaged industrial facilities along the Louisiana Coast, but the term "elevated toxic emissions" is vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

71.  As to the first sentence in Paragraph 71, Defendant's aver that sea level rise and costal erosion are cumulative impacts to neighboring Gulf states as considered in the 2023 SEIS.  The second sentence of Paragraph 71 purports to characterize the Fourth National Climate Assessment, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Assessment, they are denied.  The remaining allegations in Paragraph 71 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

72. Defendants admit the allegation in the first sentence of Paragraph 72.  In the second sentence, Defendants admit that the exploration, development, and production of oil and gas in the Gulf, as well as accidental release of methane, will result in emissions of greenhouse gases. Defendants aver that the deliberate unauthorized release of methane is unlawful.  Defendants deny the remaining allegations in the second sentence of Paragraph 72.

73. The allegations in paragraph 73 are vague and ambiguous, particularly as to the use of the term "main"; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  Defendants admit the allegations in the second sentence.

74. The allegations in Paragraph 74 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  Further, Defendants aver that Executive Order 14,008 states that responding to the climate crisis will require both significant short-term global reductions in greenhouse gas emissions and net-zero global emissions by mid-century or before.

75. The allegations in the first sentence of Paragraph 75 purport to characterize an Intergovernmental Panel on Climate Change (IPCC) report, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced report, they are denied.  The remaining allegations in Paragraph 75, including those regarding "most estimates," are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

76. The allegations in the first sentence of Paragraph 76 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Further, Defendants aver that Executive Order 14,008

provides that responding to the climate crisis will require both significant short-term global reductions in greenhouse gas emissions and net-zero global emissions by mid-century or before. The remainder of Paragraph 76 purports to characterize a 2016 analysis and an International Energy Agency report, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced analyses, they are denied.

77. The allegations in Paragraph 77 purport to characterize the Executive Order 14,008, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced executive order, they are denied.

78. The allegations in the first through fourth sentences of Paragraph 78 purport to characterize the United States' commitments under the Paris Agreement, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced agreement, they are denied.  The allegations in the fifth sentence of Paragraph 78 are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. Further, Defendants aver that Executive Order 14,008 states that "[r]esponding to the climate crisis will require both significant short-term global reductions in greenhouse gas emissions and net-zero global emissions by mid-century or before," and directs the preparation of a comprehensive plan that aims to achieve or facilitate "a carbon pollution-free electricity sector no later than 2035."  The last sentence of Paragraph 78 purports to characterize the 2023 SEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the 2023 SEIS, they are denied.

79. The allegations in Paragraph 79 purport to characterize the January 9, 2023, interim CEQ guidance, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced guidance, they are denied.

80. The allegations in Paragraph 80 purport to characterize the January 9, 2023, interim CEQ guidance, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced guidance, they are denied.

81. Defendants admit that Lease Sale 259 was among the proposed lease sales in the 2017-2022 National OCS Leasing Program, and that Interior did not hold Lease Sale 259 prior to the expiration of that Program.  All other allegations in Paragraph 81 are denied.

82.   Defendants aver that on October 6, 2022, Interior released the Gulf of Mexico OCS Oil and Gas Lease Sales 259 and 261 Draft Supplemental Environmental Impact Statement (Draft SEIS) with a 45-day public comment period that closed on November 21, 2022, and that Defendants received comments from Plaintiffs and others.  The remaining allegations in the first sentence, such as those related to other steps and other lease sales, are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  The remaining allegations in the third sentence of Paragraph 82 purport to characterize comments submitted on the Draft SEIS, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the comments, they are denied.  All remaining allegations in Paragraph 82 are denied.

83. Defendants aver that BOEM announced the availability of the 2023 Final SEIS for Lease Sales 259 and 261 on January 9, 2023, approximately 3 months after the Draft SEIS was published and about 6 weeks after the comment period closed.  The remaining allegations in

Paragraph 83 purport to characterize the 2023 SEIS and comments submitted on the Draft SEIS, which speaks for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the 2023 SEIS and submitted comments, they are denied.

84. The allegations in Paragraph 84 purport to characterize the Final 2023 SEIS and other EISs from which it tiers, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced SEIS and EISs, they are denied.

85. Defendants deny the allegations in Paragraph 85.

86. The allegations in Paragraph 86 purport to characterize the Notice of Availability and Request for Comments on the 2017-2022 Outer Continental Shelf Oil and Gas Leasing Program and Draft Programmatic EIS, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced Notice and Draft EIS, they are denied.

87. Defendants admit the allegations in the first sentence of Paragraph 87. The second and third sentences of Paragraph 87 purport to characterize the Programmatic EIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced EIS, they are denied. Defendants admit that BOEM announced the availability of the Final Programmatic EIS Record of Decision on January 19, 2017.

88. Defendants admit the allegations in the first sentence of Paragraph 88. The allegations in the second sentence of Paragraph 88 purport to characterize the Gulf of Mexico OCS Oil and Gas Lease Sales: 2017-2022 Gulf of Mexico Lease Sales 249, 250, 251, 252, 253, 254, 256, 257, 259, and 261 Draft Environmental Impact Statement (Draft Multisale EIS), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Draft Multisale EIS, they are denied.

89.  Defendants admit the allegations in Paragraph 89.

90.  The allegations in Paragraph 90 purport to characterize the Gulf of Mexico OCS Oil and Gas Lease Sales: 2017-2022 Gulf of Mexico Lease Sales 249, 250, 251, 252, 253, 254, 256, 257, 259, and 261 Final Environmental Impact Statement (Multisale EIS), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced EIS, they are denied.

91. Defendants admit the allegations in the first sentence of Paragraph 91.  The remaining allegations of Paragraph 91 purport to characterize the Gulf of Mexico OCS Lease Sale Draft Supplemental Environmental Impact Statement (2018 Draft SEIS), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced Draft SEIS, they are denied.

92. Defendants admit the allegations in Paragraph 92.

93. Defendants admit the allegations in Paragraph 93.

94.  The allegations in Paragraph 94 purport to characterize the Gulf of Mexico OCS Lease Sale Supplemental Environmental Impact Statement (2018 SEIS), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced 2018 SEIS, they are denied.

95.  The allegations in Paragraph 95 purport to characterize the ROD for Lease Sale 257 and a judicial decision in *Friends of the Earth v. Haaland*, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced ROD and judicial decision, they are denied.  Defendants aver that on appeal, the D.C. Circuit held the challenge to Lease Sale 257 moot in light of the IRA, vacated the District Court's opinion, and

remanded to the District Court with instructions to dismiss the case as moot. *Friends of the Earth v. Haaland,* No. 22-5036 (D.C. Cir. Apr. 28, 2023).

96. Defendants admit the allegations in Paragraph 96.

97. As to the first sentence in Paragraph 97, Defendants admit that BOEM announced the availability of the Proposed Notice of Sale for Lease Sale 259 on October 24, 2022.  The second sentence of Paragraph 97 purports to characterize the Proposed Notice of Sale, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced notice, they are denied.  As to the third sentence, Defendants aver that Lease Sale 259 offered approximately 73.3 million acres of the OCS for oil and gas leasing, the smallest amount of acreage of the last nine Gulf of Mexico OCS lease sales which have ranged in size from 73.3 - 80.9 million acres.  With regard to the last sentence, Defendants also aver that for Lease Sales 259, BOEM estimated that the projected amounts of resources that could be discovered, developed, and produced as a result of a Gulf of Mexico lease sale are 0.211-1.118 billion barrels of oil and 0.547-4.424 trillion cubic feet of gas, and aver that activities related to the sale could result in estimated emissions of 381,157 tons of carbon dioxide equivalent.    Any remaining allegations in Paragraph 97 are denied.

98. The allegations in paragraph 98 purport to characterize Plaintiffs' comments on the draft 2023 SEIS, which speaks for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced comments, they are denied.

99. Defendants admit that the Rice's whale lives exclusively in the Gulf of Mexico. Defendants aver that NMFS estimated that there are less than 100 individual Rice's whales remaining, with recent surveys estimating 50 individuals or less.  Defendants deny the remaining allegations in the first sentence of Paragraph 99.  The second and third sentences of Paragraph 99

purport to characterize studies, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced studies, they are denied.  The allegations in the fourth sentence of Paragraph 99 purport to characterize the 2023 SEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced notice, they are denied.  Defendants deny the allegations in the fifth sentence of Paragraph 99.

100.  The allegations in the first sentence of Paragraph 100 purport to characterize the 2023 SEIS and GHG and Social Cost Analysis, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced SEIS and GHG and Social Cost Analysis, they are denied.  Defendants deny the remaining allegations in Paragraph 100.

101.  Defendants admit the allegations in the first sentence of Paragraph 101. Defendants deny the remaining allegations in Paragraph 101.

102.  Defendants deny the allegations in the first sentence of Paragraph 102.  The allegations in the second sentence of Paragraph 102 purports to characterize the 2023 SEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced SEIS, they are denied.  The allegations in the third and fourth sentences purport to characterize journal articles and reports, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced articles, they are denied.  The allegations in the fifth sentence are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.

103.  Defendants deny the allegations in the first sentence of Paragraph 103.  The allegations in the second and third sentences are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  Defendants, however, aver that impacts from climate change include sea level rise, flooding, and increased storms that affect Gulf communities.  The allegations in the fourth sentence purport to characterize a journal article, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced article, they are denied.

104.  The allegations in the first sentence of paragraph 104 purport to characterize Executive Orders 13985 and 12898, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced executive orders, they are denied.  The second sentence of Paragraph 104 purports to characterize the 2023 SEIS and the ROD for Lease Sale 259, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced SEIS and ROD, they are denied.

105.  Defendants deny the allegations in the first sentence of Paragraph 105.  The second and third sentences purport to characterize the EISs supporting Lease Sale 259, including the 2023 SEIS, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the EISs, they are denied.  Defendants deny the allegations in the fourth sentence.  The allegations in the fifth, sixth and seventh sentences are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis.  In the sixth sentence, Defendants aver that NOAA has stated that scientists have estimated that the population of the Rice's whale decreased by 22 percent following the 2010 Deepwater Horizon disaster.  As to the allegations in the

seventh sentence, Defendants aver that the Rice's whale is a listed endangered species under the Endangered Species Act, and that NOAA in its 2016 status review noted that the death of a single breeding female could significantly affect the persistence of the Rice's whale population. The eighth sentence of Paragraph 105 purports to characterize BOEM's Gulf of Mexico Catastrophic Spill Event Analysis, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced analysis, they are denied.  The remainder of the allegations in Paragraph 105 are denied.

106.  The allegations in the first sentence of Paragraph 106 are denied.  The remaining allegations in Paragraph 106 purport to characterize the 2023 SEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced SEIS, they are denied.

107.  Defendants deny the allegations in Paragraph 107.

108.  The allegations in the first sentence of paragraph 108 are denied.  The allegations in the second sentence purport to characterize comments submitted by plaintiffs and others related to alternatives, which are the best evidence of their contents; to the extent the allegations are inconsistent with these comments, they are denied.

109.  Defendants admit that BOEM released its Final SEIS for Lease Sale 259 on January 10, 2023, and that the SEIS included an Appendix C entitled "Responses to Public Comments on the Draft Supplemental EIS."  The remaining allegations in Paragraph 109 purport to characterize the 2023 SEIS which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced guidance, they are denied.

110.  Defendants aver that on February 27, 2023, BOEM announced the availability of a ROD for Lease Sale 259. The remaining allegations of Paragraph 110 purport to characterize the

ROD, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced ROD, they are denied.

111.  Defendants incorporate by reference their responses to Paragraphs 1-111.

112.  The allegations in Paragraph 112 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

113.  The allegations in Paragraph 113 purport to characterize NEPA and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with NEPA and the implementing regulations, they are denied.

114.  Defendants admit the allegations in Paragraph 114.

115.  Defendants deny the allegations in Paragraph 115.

116.  Defendants deny the allegations in Paragraph 116.

117.  Defendants deny the allegations in Paragraph 117.

118.  Defendants deny the allegations in Paragraph 118.

119.  Defendants deny the allegations in Paragraph 119.

120.  Defendants deny the allegations in Paragraph 120.

121.  Defendants deny the allegations in Paragraph 121.

122.  Defendants deny the allegations in Paragraph 122.

123.  Defendants deny the allegations in Paragraph 123.

124.  Defendants deny the allegations in Paragraph 124.

125.  The allegations in Paragraph 125 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

126.  Defendants incorporate by reference their responses to Paragraphs 1-125.

127.  The allegations in Paragraph 127 purport to characterize NEPA and CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with NEPA and the implementing regulations, they are denied.

128.  The allegations in Paragraph 128 appear to characterize NEPA, and CEQ's regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the NEPA and the implementing regulations, they are denied.

129.  The allegations in Paragraph 129 purport to characterize NEPA, and the CEQ regulations implementing NEPA, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the NEPA and the implementing regulations, they are denied.

130.  Defendants deny the allegations in Paragraph 130.

131.  Defendants aver that BOEM considered four action alternatives and the "no action" alternative in the 2023 SEIS and deny the remaining allegations in Paragraph 131.

132.  The allegations in the first and second sentences of Paragraph 132 purport to characterize Plaintiffs' and others' comments on the 2023 SEIS, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced comments, they are denied. The allegations in the third sentence are vague and ambiguous; Defendants therefore lack knowledge or information sufficient to form a belief about the truth of the allegations and deny on that basis. In response to the fourth sentence, Defendants considered all comments received on the SEIS and a reasonable range of alternatives.

133.  Defendants deny the allegations in Paragraph 133.

134.  The allegations in Paragraph 134 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

135.  Defendants incorporate by reference their responses to Paragraphs 1-134.

136.  The allegations in Paragraph 136 purport to characterize NEPA, the CEQ regulations implementing NEPA, and a judicial decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced statute, implementing regulations, or judicial decision, they are denied.

137.  The allegations in paragraph 137 purport to characterize Plaintiffs' comments on the 2023 SEIS, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced comments, they are denied.

138.  Defendants deny the allegations in Paragraph 138.

139.  Defendants deny the allegations in Paragraph 139.

140.  The allegations in Paragraph 140 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

## RESPONSE TO PRAYER FOR RELIEF

The remaining Paragraphs of Plaintiffs' Complaint set forth Plaintiffs' prayer for relief and do not require a response. To the extent a response is necessary, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## DEFENSES

1.  Plaintiffs have failed to state a claim upon which relief can be granted.

2.  Plaintiffs have failed to state a claim that is ripe for review.

3.  The court lacks jurisdiction over one or more of Plaintiffs' claims

   WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs any

relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant

Defendants such other relief as the Court deems appropriate.

DATED: May 15, 2023.

       TODD KIM
       Assistant Attorney General
       Environment and Natural Resources Division

        */s/ Luther L. Hajek*

       LUTHER L. HAJEK (CO Bar 44303)
       United States Department of Justice
       Environmental & Natural Resources Division
       999 18th St., South Terrace, Suite 370
       Denver, CO 80202
       Ph: (303) 844-1376; Fax: (303) 844-1350
       luke.hajek@usdoj.gov

        */s/ Alexis G. Romero*

       ALEXIS G. ROMERO (DC Bar 90006907)
       United States Department of Justice
       Environmental & Natural Resources Division
       Natural Resource Section
       P.O. Box 7611,
       Washington, DC 20044-7611
       Tel: 203-353-5885
       alexis.romero@usdoj.gov

       *Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.


*/s/ Luther L. Hajek*
Luther L. Hajek