# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HEALTHY GULF, *et al.*,

      *Plaintiffs*,

    v.

DOUG BURGUM, in his official capacity as
SECRETARY OF THE INTERIOR, *et al.*,

      *Defendants*,

   and

AMERICAN PETROLEUM INSTITUTE, and
CHEVRON U.S.A. INC.,

      *Intervenors-Defendants.*

No. 1:23-cv-00604-APM

## INTERVENORS-DEFENDANTS' RESPONSE TO FEDERAL DEFENDANTS' NOTICE REGARDING ISSUANCE OF RECORD OF DECISION

Intervenors-Defendants agree with Federal Defendants that issuance of a new Record of Decision (ROD) moots what is left of this case. *See* ECF No. 95 at 2; BOEM, *Record of Decision to Reaffirm Decisions for Gulf of Mexico Outer Continental Shelf Oil and Gas Lease Sales 259 and 261* (Feb. 19, 2026), https://perma.cc/2FXF-8KEA. "It is settled in this Circuit that Interior's issuance of an ROD constitutes a reviewable final agency action for purposes of the Administrative Procedure Act . . . ." *Cow Creek Band of Umpqua Tribe of Indians v. Department of the Interior*, No. 1:24-cv-03594-APM, 2025 WL 1010261, at *1 (D.D.C. Jan. 2, 2025) (Mehta, J.). And it is equally "well-settled" that "when an agency has rescinded and replaced a challenged" action, "litigation over the legality of the original [action] becomes moot." *Akiachak Native Cmty. v. Department of the Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016); *see also id.* at 114 (explaining that an agency's "ability to moot challenges to regulations"

1

is "so fundamental to judicial economy that it serves as the animating principle underlying the administrative exhaustion doctrine": "to correct its own errors so as to moot judicial controversies") (citation omitted).

Interior's issuance of a new ROD moots Plaintiffs' claims challenging the original ROD and its Environmental Impact Statement (EIS). As the Supreme Court recently explained, "an EIS is only one input into an agency's decision," so "the adequacy of an EIS is relevant only to the question of whether an agency's final decision . . . was reasonably explained." *Seven Cnty. Infrastructure Coal. v. Eagle County*, 605 U.S. 168, 180 (2025). And Interior's new ROD makes a new final decision about Lease Sale 259 based on "new information, updated analyses and additional materials," including a new programmatic EIS, new biological opinion, new emissions modeling, and a new surveying rule. ROD 3, 8, 13. This new information includes analyses specifically developed to address the deficiencies this Court identified in the original ROD and EIS. *Id.* at 6-8 (greenhouse gas baseline); *id.* at 8-9 (Rice's whale habitat). Whatever the deficiencies in the previous ROD, Interior has made a new final decision based on new information.

The bottom line: The Court cannot afford Plaintiffs any effectual relief as to the original ROD and EIS that Plaintiffs challenged. Indeed, the D.C. Circuit has held that a new ROD moots NEPA challenges to the previous ROD, because the court "can neither invalidate, nor require the Bureau to adhere to, a Record of Decision that has disappeared into the regulatory netherworld." *Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 79 (D.C. Cir. 2011) (citation and quotation marks omitted).[1]

---

[1] *Accord Fund for Animals, Inc. v. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006) (NEPA claim is moot when decision document "has expired"); *Fund for Animals, Inc. v. Hogan*,

Plaintiffs apparently dislike some of Interior's new environmental analyses. But any objection to those documents must be raised in a "separate APA action" challenging the new ROD, *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 30 (D.C. Cir. 2005); *see also Akiachak Native Cmty.*, 827 F.3d at 113 (party must "start[] over again" "by challenging the regulation currently in force") (citation omitted); *Alaska v. Department of Agric.*, 17 F.4th 1224, 1229 (D.C. Cir. 2021) (similar), in accordance with the "substantial deference" afforded to Interior, *Seven County*, 605 U.S. at 180. *This* case—based on a stale agency action—is over.

Respectfully submitted,

<table>
<tr><td>

*/s/ Steven J. Rosenbaum*
Steven J. Rosenbaum (D.C. Bar 331728)
Bradley K. Ervin (D.C. Bar 982559)
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth Street N.W.
Washington, D.C. 20001
Phone: (202) 662-6000
Fax: (202) 662-6291
srosenbaum@cov.com

*Counsel for American Petroleum Institute*

</td><td>

*/s/ Sean Marotta*
Sean Marotta (D.C. Bar 1006494)
Dana A. Raphael (D.C. Bar 1741559)
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
(202) 637-4881
sean.marotta@hoganlovells.com

Sarah C. Bordelon (D.C. Bar 987135)
HOLLAND & HART LLP
5470 Kietzke Lane, Suite 100
Reno, NV 89511
(775) 327-3011
scbordelon@hollandhart.com

*Counsel for Chevron U.S.A. Inc.*

</td></tr>
</table>

March 11, 2026

---

428 F.3d 1059, 1064 (D.C. Cir. 2005) (similar); *Northern Plains Res. Council v. Army Corps of Eng'rs*, No. 20-35412, 2021 WL 7368336, at *1 (9th Cir. Aug. 11, 2021) (NEPA claims moot where "issuance of a new nationwide permit supersedes the [original] agency action"); *Oceana, Inc. v. Raimondo*, No. 20-5362, 2021 WL 4771915, at *1 (D.C. Cir. Oct. 1, 2021) ("The biological opinion that appellant initially challenged has been superseded by a new biological opinion, thereby mooting the appeal.").

## CERTIFICATE OF SERVICE

I certify that on March 11, 2026, the foregoing was electronically filed through this Court's

CM/ECF system, which will send a notice of filing to all registered users.

/s/ Sean Marotta
Sean Marotta